The Full Commission has reviewed the prior Order based upon the record of the proceedings before Special Deputy Commissioner Yvonne Bulluck. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the prior Order.
After giving due consideration to all matters involved in this case, and upon the defendants' stated or implied representation that all pertinent medical records have been submitted with the agreement to the Commission as required by Rule 502(3)(a), the undersigned is of the opinion that the compromise settlement agreement is fair and equitable, and probably in the best interest of all parties, and is approved in the amount of $41,500.00. Compliance with the terms of the agreement, incorporated herein by reference, shall discharge defendants from further liability under the Workers' Compensation Act by reason of the injury giving rise to this claim.
An attorney's fee of $10,375.00 is approved for plaintiff's counsel. This amount shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. A fee of 25% is reasonable under the circumstances of this case, due to the nature and extent of services provided. A fee of 33 1/3 is found to be unreasonable and is not the customary fee charged for similar services.
It is to be noted, however, that this Order does not purport to approve, resolve or address any issue or matter over which the Industrial Commission has no jurisdiction, whether or not such issue or matter is referred to in the compromise settlement agreement executed by the parties in this action.
Defendants shall pay the costs.
This the 18th day of May 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
TJB/cnp/db